*H. Stockton*, for defendant.

[258] COVENHOVEN v. THE STATE, ON THE PROSECUTION OF VANTINE.

1. What is sufficient notice of taking an inquisition of forcible entry and detainer.

2. It is not necessary that the justice before whom an inquisition is taken, should sign it.

3. An inquisition of forcible entry and detainer is not vitiated by the dates being expressed in figures—this proceeding is, in some respects, a civil suit.

*Certiorari* removing an inquisition of forcible entry and detainer.

*Leake*, for the defendant, took three exceptions: 1st. That no notice was given by Vantine, the prosecutor, to Covenhoven, of the taking of the inquisition.   As to this, it appeared that there were two intruders, Anderson and Covenhoven.   A notice was served by Vantine on Anderson's wife, and a copy left; and the justice served a similar notice on Covenhoven.   The notices were directed to both defendants;

The State v. Frees.

both appeared and made defence. He cited, on this exception, 2 *Imp. C. B.* 168, 9, 442.

2d. That the justice before whom the inquisition was taken had not signed it.

. 3d. That the dates are set forth in figures, and not in words at length, or Roman numerals. 2 *Burns' Just.* 665, " *Indictment*," *Crown Circ.* 94 ; 2 *Hale Hist.* 170 ; *Rex* v. *Phillips*, 1 *Str.* 261.

*R. Stockton, contra,* contended that the first objection was contrary to the fact, and if in any degree erroneous, the error was cured by appearance. See 2 *Imp. C. B.* 432 ; *Pat. Laws, fol.* 290. The signing by the justice is unnecessary. The third objection has never been admitted as valid in our practice.

PER CUR. The objections are insufficient ; there was both notice and appearance. The signature of the justice to the inquisition is unnecessary. As to the figures, the cases cited apply exclusively to indictments ; in New Jersey these inquisitions are considered as civil prosecutions ; and, as quashing is not *de jure,* we will not do it on these exceptions.

CITED *in Cruiser* v. *State,* 3 *Harr.* 208

---

[259]                    THE STATE v. FREES.